UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THEODORE EDWARD MUSGROVE,<br><br>  Plaintiff,<br><br>vs.<br><br>MELISA BECIROVIC, #0118,<br><br>  Defendant. | Case No. 1:20-cv-00512-DCN<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

The Complaint of Plaintiff Theodore Edward Musgrove was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief can be granted.

REVIEW OF COMPLAINT

1.  **Factual Allegations**

Plaintiff alleges that, on April 17, 2020, Defendant Melisa Bercirovic, a prison case manager, violated his due process rights by falsifying a disciplinary offense report (DOR) accusing him of harassing her for sending her inappropriate concern forms seeking personal meetings with her. Dkt. 3, p. 1. Defendant wrote the following in the DOR:

> Inmate Musgrove #89410 has had multiple unprofessional encounters with me, even after being address [sic] to stop by myself and unit security staff. Even though Inmate Musgrove's professional concerns

> have been addressed, he continuously insist's [sic] to speak to me.
>
> Inmate Musgrove has a tendency to manipulate his case manager contacts with me to speak to me about his feelings instead of case management, this has been addressed on several occasions. However, the behavior escalates each time afterwards. This behavior has been documented in C notes on the following dates: 9/13/19, 1/1/2020, 2/14/2020, 4/9/2020, 4/17/2020.
>
> Inmate Musgrove has a documented history of these types of common incidents and behaviors with myself and other female staff at this facility. Inmate Musgrove's multiple documentations of these incidents supports that there is some evidence to conclude [sic] a Harassment DOR.

Dkt. 3-1, p. 14.

Defendant further described the factual bases in the DOR. On September 3, 2019, Plaintiff came to the case managers' office and, in front of security staff, he said something like this to her: "The energy between us is off, the vibe is off." *Id.*, p. 15. On November 2, 2019, Plaintiff sent Defendant a concern form asking her to "meet him in the hallway" to talk to him, despite the fact that she "was not his assisting case manager and it was inappropriate for him to contact [her] and speak with [her]." *Id*. On April 16, 2020, Plaintiff sent Defendant a concern form stating: "I'm writing you because I rarely get to speak to you during the day, I would like to talk to you in passing, I'm sorry I have not been prosocial lately. From now on when I do see you, I'm going to be friendlier if that is alright with you. Please, take care of yourself and be safe out there." *Id*.

Defendant also wrote in the DOR that, on April 21, 2020, FSO Slater reported to her that Plaintiff "tried to make him believe that [she] had initiated all the contacts with him, as though [she] was pursuing him." *Id*. FSO Slater said that Plaintiff told him she

"had been calling him off the tier repeatedly, over a period of time." *Id*. Of the six concern forms Plaintiff sent to Defendant, she told him to stop his behavior in her response to five of them. *Id*.

Disciplinary Hearing Officer Adam Miller found Plaintiff guilty of the DOR on April 25, 2020. *Id*. Appellate Authority Jay Christensen determined: "Body of the report supports the findings of the DOR. DOR stands." *Id*., p. 16.

Plaintiff's second claim is that Defendant violated his right to be free from retaliation for asserting his right to free speech. Defendant allegedly issued the DOR in retaliation for him telling her he was not going to respond to her in person due to her unprofessional conduct. Dkt. 3, p. 2. Plaintiff seeks expungement of the DOR because it affected his parole consideration, and he requests an award of monetary relief.

Plaintiff has attached the relevant documents regarding the DOR to his Complaint. Dkt. 3-1.

**2. Standard of Law for Screening Complaints**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or failure to plead sufficient facts to support a cognizable legal theory under the *Iqbal*/*Twombly* standard. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment. *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). A pro se pleading may be dismissed without notice of the deficiencies and an opportunity to amend if a complaint "lacks merit entirely" and "cannot be saved" by amendment. *Id*., at 1129.

3. **Due Process Theory**

    A. *Standard of Law*

To state an actionable Fourteenth Amendment procedural due process claim, a plaintiff must allege facts showing "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (citation omitted).

Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466–68 (1983), *abrogated in part on other grounds by*

*Sandin v. Conner*, 515 U.S. 472, 482-86 (1995). Liberty interests created by state law or prison regulations that entitle an inmate to due process are "generally limited to freedom from restraint." *Sandin*, 515 U.S. at 484 (internal citations omitted). Typically, segregation "in and of itself does not implicate a protected liberty interest." *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (collecting cases). Rather, a liberty interest arises only if the conditions of segregation impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Due process for all types of disciplinary segregation demands only that the prison hearing officer's decision be supported by "some evidence," and that the evidence "have some indicia of reliability." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *Toussaint v. McCarthy*, 801 F.2d 1080, 1105 (9th Cir. 1986) ("*Toussaint I*"), *abrogated in part on other grounds by Sandin v. Conner*. The "some evidence" standard is minimally stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached." *Hill*, 472 U.S. at 455-56.

An exception allowing a prisoner to pursue a procedural due process claim without showing a liberty interest may apply if prison officials have found a prisoner guilty of a disciplinary infraction at a hearing where "no shred of evidence of the inmate's guilt is presented." *Burnsworth v. Gunderson*, 179 F.3d 771, 775 (9th Cir. 1999). In that limited circumstance, a prisoner is entitled to pursue a due process claim even if he or she did not demonstrate a cognizable liberty interest, because a disciplinary hearing finding unsupported by evidence violates due process "wholly apart from the conditions of confinement and without regard to the *Sandin* requirements." *Nonnette v. Small*, 316 F.3d

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

872, 878-79 (9th Cir. 2002).

### B. *Discussion*

Plaintiff's allegations and the attachments to his Complaint show that he cannot meet the standard of law to show that he has a viable due process claim. Regardless of Plaintiff's intent, the content of his own concern forms, his inappropriate comments to Defendant stated in front of witnesses, and the input from FSO Slater constitute "some evidence" showing that Plaintiff's behavior can be construed as harassment of Defendant. The evidence upon which the DOR stands has some indicia of reliability, given that it is based upon several witnesses and more than several of Plaintiff's own written concern forms. Plaintiff can proceed only if he can show that there was no "shred of evidence" to support the DOR, and, here, he has provided sufficient documentation to show that the DOR is grounded upon several different pieces of evidence. Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

### 4. Retaliation Theory

### A. *Standard of Law*

A First Amendment retaliation claim must allege the following: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, ... that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Although a "chilling effect on First Amendment rights" is enough to state an

injury, *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001), "bare allegations of arbitrary retaliation" are insufficient to state a retaliation claim, *Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985).

### B. *Discussion*

Based on the discussion above, the Court concludes that Plaintiff cannot state facts showing that the DOR did not reasonably advance a legitimate correctional goal. Prisoners are not entitled to seek a personal meeting with a case manager who is not managing his case, nor are they entitled to keep sending concern forms with inappropriate content to that case manager after he has been told to stop sending concern forms of that nature. This claim is subject to dismissal for failure to state a claim upon which relief can be granted.

### 5. Conclusion

Plaintiff has provided more than sufficient information to show that he was found guilty of the DOR based upon some evidence, and that issuance of the DOR reasonably advanced a legitimate correctional goal. The Court finds that an opportunity to amend would be futile because it lacks merit entirely, cannot be saved by amendment, and borders on being a malicious lawsuit. Plaintiff has, without authorization from the screening judge, mailed Defendant a request to waive service of the Complaint. That request for waiver of service now appears on the public docket with an automatic date for response generated by the electronic case filing system, even though no response is required, because Plaintiff failed to wait for a screening order.

For all of these reasons, the Complaint will be dismissed for failure to state a claim upon which relief can be granted.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Complaint is DISMISSED for failure to state a claim upon which relief can be granted.

2. Plaintiff's Request for Waver of Service Sent to Melisa Bercirovic (Dkt. 5) is STRICKEN as an unauthorized filing.

DATED: January 26, 2021

David C. Nye
Chief U.S. District Court Judge